```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


COMPLAINT OF BELLAIRE VESSEL
MANAGEMENT, LLC as Owner of the
MOTOR VESSELL CAPT. ROBERT G. HARRISON   Civil Action No. 5:18CV115
and BELLAIRE HARBOR SERVICE, LLC,                              (STAMP)
as Charterer of the MOTOR VESSEL
CAPT. ROBERT G. HARRISON FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

and

IN THE MATTER OF CAMPBELL
TRANSPORTATION CO., INC. as Owner        Civil Action No. 5:18CV137
of the M/V JAMES R. MOREHEAD,                                  (STAMP)
OFFICIAL NO. 1032410 FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

and

IN THE MATTER OF CAMPBELL
TRANSPORTATION CO., INC. as Owner
and INLAND MARINE SERVICE, INC.          Civil Action No. 5:18CV138
as Operator and Owner                                          (STAMP)
Pro Hac Vice of M/V LOUISE S.,
OFFICIAL NO. 513659 FOR EXONERATION
FROM OR LIMITATION OF LIABILITY.
```

**MEMORANDUM OPINION AND ORDER REGARDING PENDING MOTIONS**

I. Background

This civil action arises out of an event which occurred on or about January 13, 2018 when a number of barges and/or other vessels broke away from a vessel fleeting facility located on the Ohio River on Boggs Island, Marshall County, West Virginia and those vessels then floated downriver and, among other things, became damaged and/or caused damage to the property of others. On July 13, 2018, Bellaire Vessel Management, LLC ("BVM") and Bellaire Harbor Service, LLC (referred to herein as "BHS" or "Bellaire") filed a complaint for exoneration from or limitation of liability

under 46 U.S.C. §§ 30501-30512. ECF No. 1.[1] This admiralty action is brought pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and jurisdiction is conferred by 28 U.S.C. § 1331 as the Complaint for Exoneration from or Limitation of Liability (ECF No. 1) is instituted under the laws of the United States.

On November 1, 2018, the parties in the above-styled civil actions filed a joint motion to consolidate (ECF No. 55) in <u>Complaint of Bellaire Vessel Management, LLC as Owner of the Motor Vessel Capt. Robert G. Harrison and Bellaire Harbor Service, LLC, as Charterer of the Motor Vessel Capt. Robert G. Harrison for Exoneration From or Limitation of Liability</u>, Civil Action No. 5:18CV115, with <u>In the Matter of Campbell Transportation Co., Inc. as Owner of the M/V James R. Morehead, Official No. 1032410 for Exoneration From or Limitation of Liability</u>, Civil Action No. 5:18CV137, and <u>In the Matter of Campbell Transportation Co., Inc. as Owner and Inland Marine Service, Inc. as Operator and Owner of M/V Louise S., Official No. 513659 for Exoneration From or Limitation of Liability</u>, Civil Action No. 5:18CV138. Subsequently, on November 14, 2018, United States District Judge John Preston Bailey entered an order transferring <u>In the Matter of Campbell Transportation Co., Inc. as Owner and Inland Marine Service, Inc. as Operator and Owner of M/V Louise S., Official No. 513659 for</u>

---

[1] All CM/ECF citations in this memorandum opinion and order are to the docket numbers in Civil Action No. 5:18CV115 unless otherwise noted.

2

Exoneration From or Limitation of Liability, Civil Action No. 5:18CV138 to the undersigned judge's docket.

This Court then entered an order granting the parties' motion to consolidate the above-styled civil actions (ECF No. 58) for discovery and trial, and to proceed under Complaint of Bellaire Vessel Management, LLC as Owner of the Motor Vessel Capt. Robert G. Harrison and Bellaire Harbor Service, LLC, as Charterer of the Motor Vessel Capt. Robert G. Harrison for Exoneration From or Limitation of Liability, Civil Action No. 5:18CV115. This Court also entered an order approving the parties' joint stipulation for non-jury/bench trial and entered an amended scheduling order. ECF No. 70.

The following motions are pending and have been fully briefed: (1) motion to dismiss for failure to state a claim by Mon River Towing, Inc., and Murray American Transportation, Inc. (ECF No. 28); (2) motion to amend/correct order by Mon River Towing, Inc., Murray American River Towing, Inc., and Murray American Transportation, Inc. (ECF No. 30); (3) motion for entry of default by Bellaire Harbor Service, LLC and Bellaire Vessel Management, LLC (ECF No. 38); (4) motion for leave to file answer and claim out of time by The Ohio County Coal Company (ECF No. 40); (5) motion to strike the motion to dismiss by Bellaire Harbor Service, LLC and Bellaire Vessel Management, LLC (ECF No. 41); and (6) motion for leave to file answer and claim out of time by Mon River Towing, Inc., Murray American River Towing, Inc., and Murray American Transportation, Inc. (ECF No. 46).

The motions are ripe for disposition and are discussed, in turn, below.

## II. Contentions of the Parties

Respondents, Murray American River Towing, Inc. ("MART"), Murray American Transportation, Inc. ("MATI"), and Mon River Towing, Inc. ("MRT"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rules of Civil Procedure 7.02 and 12.02, filed a motion to dismiss complainants' complaint for exoneration from or limitation of liability for failure to state a claim upon which relief can be granted. ECF No. 28. In support, the respondents state that complainants fail to state a claim upon which relief can be granted against respondents MART, MATI, and MRT because complainants' allegations do not meet the requirements of 46 U.S.C. §§ 30501 through 30512 in that there are no allegations regarding the M/V Capt. Robert G. Harrison's involvement in causing the incident at issue. ECF No. 29.

Respondents also filed a motion to amend/correct (ECF No. 30) and requested that the Court amend its order dated July 17, 2018 (ECF No. 6) so that it does not stay and enjoin all claims arising out of or connected with the subject breakaway, but rather stays and enjoins only those claims (not already included in the limitation action) arising out of or connected with BVM's ownership of the M/V Capt. Robert G. Harrison. Alternatively, respondents request the Court amend its order to except any actions against BHS and BVM arising out of their role as fleeter of barges. ECF No. 30.

Complainants, Bellaire Vessel Management, LLC ("BVM") and Bellaire Harbor Service, LLC ("BHS"), filed a motion for entry of order of court noting default of any and all potential or possible claimants who have failed to assert claims or answers in this action within the permitted time under Rule 55(a) as made applicable by Rule A of the Supplemental Rules for Admiralty or Maritime Claims. ECF No. 38.

Respondents then filed a response in opposition to complainants' motion for entry of default and state that, given MART, MATI, and MRT's pending motions, the motion for entry of order of court noting default of claimants is contrary to the Rules. ECF No. 39. Respondents argue that under Rule 12 of the Federal Rules of Civil Procedure, if the Court were to deny MART, MATI, and MRT's pending motions, MART, MATI, and MRT would have 14 days after such denial to file a responsive pleading.

The Ohio County Coal Company ("OCC"), by counsel, then filed a motion for leave to file a claim out of time, asserting that counsel was aware of the Court's order setting a limit for claims to be filed by August 31, 2018, but from information obtained, counsel understood that the parties involved in this breakaway of January 13, 2018 were Mon River Towing, Inc., Murray American River Towing, Inc., and Murray American Transportation, Inc., and accordingly entered an appearance on behalf of those parties and filed motions attacking the limitation complaint. Counsel represents that, "[t]his week I learned for the first time that in addition to the damages incurred by Mon River Towing, Inc., Murray American River Towing, Inc., and Murray American Transportation,

5

Inc., The Ohio County Coal Company also sustained some minor damage to its coal loading facility in West Virginia estimated to be approximately $35,000.00." ECF No. 40 at 1-2. Thus, The Ohio County Coal Company requests leave of Court to file its answer and claim out of time. ECF No. 40.

Complainants then filed a motion to strike respondents' motion to dismiss (ECF No. 28) and motion to amend the Court's order dated July 17, 2018 regarding the issuance of an injunction (ECF No. 30). ECF No. 41. In support, complainants state that on July 17, 2018, this Court granted BVM and BHS's motion for approval and issued an order directing any claimant to file claims and answer the complaint by August 31, 2018 (ECF No. 6). Respondents failed to file an answer or a claim by August 31, 2018 and, instead, on August 31, 2018, respondents filed a motion to dismiss (ECF No. 28), a memorandum of law in support of motion to dismiss (ECF No. 29), and a motion to amend the Court's order dated July 17, 2018 regarding the issuance of an injunction ("motion to amend") (ECF No. 30). Complainants argue that the Court should strike respondents' motion to dismiss and motion to amend because they impermissibly seek to bypass the procedural requirements of the Limitation of Liability Act as the monition period expired on August 31, 2018, and respondents failed to comply with the procedural requirements of Rule F(5) by filing a claim and answer. Accordingly, complainants argue that respondents lack standing to file their motions, and their motions should be stricken and/or dismissed. In the alternative, complainants argue that even if respondents had standing, their motions should be denied because

6

they impermissibly seek to dismiss or limit the scope of BVM and BHS's limitation action by alleging facts outside the complaint; BVM and BHS's complaint is sufficient under Supplemental Rule F; and respondents improperly rely on an agreement that, by their own admission, does not even include them as parties. ECF No. 42.

Respondents then filed a response to complainants' motion to strike respondents' motion to dismiss and motion to amend the Court's order. ECF No. 45. Respondents state that "MART, MATI, and MRT recognize that Rule F(5) creates statutory standing requirements for challenging limitation actions and that the purpose of Rule F(5) is to bring interested parties into one proceeding to address competing claims to certain property." ECF No. 45 at 1. Respondents assert that here, however, MART, MATI, and MRT filed a motion to dismiss for failure to state a claim because BVM and BHS did not make any allegations regarding the subject vessel M/V Capt. Robert G. Harrison's involvement in causing the subject breakaway and, therefore, BVM and BHS have not brought themselves within the terms of 46 U.S.C. §§ 30501 through 30512. It is the position of MART, MATI, and MRT that a limitation action is not the appropriate means by which to address the claims that MART, MATI, and MRT have against BVM and BHS. However, recognizing the authority cited by complainants and out of an abundance of caution, MART, MATI, and MRT at this time are seeking leave to file an answer and claim in response to BVM and BHS' complaint for exoneration from or limitation of liability. ECF No. 45 at 2.

Respondents then filed a motion for leave to file their answer and claim out of time, stating that counsel was aware of the Court's order setting a limit for claims to be filed by August 31, 2018. On August 31, 2018, counsel timely filed motions attacking the limitation complaint on behalf of Mon River Towing, Inc., Murray American River Towing, Inc., and Murray American Transportation, Inc. Counsel asserts that while Supplemental Rule A(2) would seem to allow the motion to dismiss and the motion to amend, the cases cited by complainants' counsel state that a claim must be filed for a party to have standing to file said motions. ECF No. 46. The claimants request leave to file their claim out of time and attach their proposed answer and claim.

Complainants BVM and BHS filed a response (ECF No. 49) and request this Court strike and/or deny OCC's and Murray's motions for leave to file answer and claim out of time (ECF Nos. 40 and 46), and grant BVM and BHS's motion for entry of default (ECF No. 38). Claimants argue that despite both being aware of the August 31, 2018 deadline, neither OCC nor Murray filed an answer or claim by August 31, 2018. Instead, Murray (but not OCC) filed a motion to dismiss (ECF No. 28), memorandum of law in support of motion to dismiss (ECF No. 29) and a motion to amend the Court's order dated July 17, 2018 regarding the issuance of an injunction ("motion to amend") (ECF No. 30). In sum, complainants argue that OCC and Murray seek to bypass the procedural requirements of the Limitation of Liability Act by asking for leave to file claims after the monition period established by this Court has expired, even though they were clearly aware of the deadline prior thereto.

Complainants contend that respondents must file a claim in the limitation action within the monition period established by the Court, or they lack any standing in the limitation action. Complainants argue that OCC and Murray have not set forth any sufficient or compelling reason for their requests to file late, nor have they provided any supporting evidence. Consequently, both OCC's and Murray's motions for leave to file answer and claim out of time should be stricken and/or denied. Additionally, complainants contend that Murray is not entitled to file a responsive pleading 14 days after (and if) its motion to dismiss is denied, because it does not have any standing to request such relief to begin with, and such relief is contradictory to the procedures set forth in the superseding Supplemental Rules. As a result of the above, complainants state that BVM and BHS's motion for entry of default should be granted as against all persons who failed to timely file claims, including OCC and Murray.

Complainants further contend in their reply in support of the motion to strike the motion to dismiss (ECF No. 50), that the respondents do not have standing to even make these arguments because they failed to file a claim in accordance with Supplemental Rule F(5). By filing a motion to dismiss, complainants contend that respondents impermissibly seek to bypass the procedural requirements of a limitation action. Here, complainants contend that respondents now apparently recognize the validity of the authority cited by BVM and BHS, but nevertheless impermissibly ask for leave to file a late claim and answer. For these reasons, complainants assert respondents' request for leave to file a late

9

answer and claim is insufficient because respondents do not provide a sufficient or compelling reason, or any evidence supporting a sufficient reason, for filing a late claim. ECF No. 50 at 2.

The respondent filed a reply (ECF No. 51) and assert that "[t]he Murray Parties have provided a sufficient basis for the Court to allow its late claims and properly supported those reasons," stating that first, as to The Ohio County Coal Company, the error as described in ECF No. 40 was that counsel was aware of various damages, but not who the right claimant was. As to the remaining Murray defendants, who have also moved for leave,

> Counsel pointed out that he was unaware of the need to file a claim to establish standing before filing a motion to dismiss. ECF 46. Despite the experience of being in perhaps a dozen limitation actions, in none of those earlier limitation actions had he ever presented on behalf of a claimant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12. As such, he had not previously been faced with the question of standing of a claimant to move to dismiss. So it was counsel's error for the late filing. ECF No. 51.

### III. Discussion

Following its review of the fully briefed motions, and the memoranda submitted by the parties, and for the reasons set forth below, this Court finds as follows:

1. Motion to dismiss (ECF No. 28) is denied.

2. Motion to amend/correct (ECF No. 30) is denied in part and granted in part.

3. Motion for entry of default (ECF No. 38) is denied in part and granted in part.

4. Motion for leave to file answer and claim out of time (ECF No. 40) is granted.

5. Motion to strike the motion to dismiss (ECF No. 41) is denied as moot.

6. Motion for leave to file answer and claim out of time (ECF No. 46) is granted.

Upon review, this Court finds that the motion to dismiss complainants' complaint for exoneration from or limitation of liability for failure to state a claim upon which relief can be granted (ECF No. 28) must be denied. Under Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a party wishing to file a claim must file that claim in the limitation action within the monition period established by the Court, and must also file an answer to the complaint controverting the averments made and relief requested therein. Absent compliance with these two procedural requirements, a party does not have any standing in a limitation action. Here, the monition period expired on August 31, 2018, and respondents Mon River Towing, Inc., Murray American River Towing, Inc., Murray American Transportation, Inc., and The Ohio County Coal Company failed to comply with the procedural requirements of Rule F(5) by filing a claim and answer.

However, for good cause shown, as counsel for respondents Mon River Towing, Inc., Murray American River Towing, Inc., Murray American Transportation, Inc., and The Ohio County Coal Company has provided a sufficient basis for the Court to allow the late claims, and in the interest of justice and resolving this civil action on the merits, this Court finds that it is appropriate to grant the motions for leave to file claims out of time (ECF Nos. 40 and 46). Granting permission to file these late claims will not unfairly prejudice the parties involved as this limitation proceeding remains pending and undetermined.

Further, this Court further finds that it is appropriate to grant the motion to amend/correct in part (ECF No. 30) to the extent that it amends the Court's order dated July 17, 2018 (ECF No. 6) to stay and enjoin claims arising out of or connected with BVM's ownership of the M/V Capt. Robert G. Harrison that are not already included in the limitation action, with the exception of the claims this Court has stated that it will permit to be filed out of time.

Additionally, this Court finds that the motion for entry of order of court noting default of any and all potential or possible claimants who have failed to assert claims or answers in this action within the permitted time under Rule 55(a) as made applicable by Rule A of the Supplemental Rules for Admiralty or Maritime Claims (ECF No. 38) be denied as to respondents Campbell Transportation Co., Inc., Inland Marine Service, Inc., Canal Barge Company, Inc., Mon River Towing, Inc., Murray American River Towing, Inc., Murray American Transportation, Inc., and The Ohio County Coal Company, and granted as to all other persons or entities listed in the affidavit of service (ECF No. 6), none of whom or which have filed a claim within the proceeding.

Lastly, in consideration of the foregoing, this Court finds that it is appropriate to deny the motion to strike the motion to dismiss (ECF No. 41) as moot.

## IV. Conclusion

For the reasons stated above, it is ORDERED as follows: motion to dismiss (ECF No. 28) is DENIED; motion to amend/correct (ECF No. 30) is DENIED IN PART and GRANTED IN PART; motion for entry of

default (ECF No. 38) is DENIED IN PART and GRANTED IN PART; motion for leave to file answer and claim out of time (ECF No. 40) is GRANTED; motion to strike the motion to dismiss (ECF No. 41) is DENIED AS MOOT; motion for leave to file answer and claim out of time (ECF No. 46) is GRANTED.

Further, the Clerk is directed to file the answer and claim of The Ohio County Coal Company (ECF No. 40-1) and the answer and claim of Mon River Towing, Inc., Murray American River Towing, Inc., Murray American Transportation, Inc. (ECF No. 46-1).

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 13, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE