UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

| | |
|---|---|
| **COMPLAINT OF BELLAIRE VESSEL MANAGEMENT, LLC** as Owner of the **MOTOR VESSEL CAPT. ROBERT G. HARRISON** and **BELLAIRE HARBOR SERVICE, LLC** as Charterer of the **MOTOR VESSEL CAPT. ROBERT G. HARRISON** **FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 5:18-CV-115**<br>Judge Bailey |

and

| | |
|---|---|
| **IN THE MATTER OF CAMPBELL TRANSPORATION CO., INC.** as Owner of the **M/V JAMES R. MOREHEAD, OFFICIAL NO. 1032410 FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 5:18-CV-137**<br>Judge Bailey |

and

| | |
|---|---|
| **IN THE MATTER OF CAMPBELL TRANSPORATION CO., INC.** as Owner and **INLAND MARINE SERVICE, INC.** as Operator and Owner of the **M/V LOUISE S., OFFICIAL NO. 513659 FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 5:18-CV-138**<br>Judge Bailey |

and

**NANA'S LANDING, LLC,**

      Plaintiff,

| | |
|---|---|
| v. | **CIVIL ACTION NO. 5:20-CV-4**<br>Judge Bailey |
| **MURRAY AMERICAN RIVER TOWING, INC., CAMPBELL TRANSPORTATION COMPANY, INC., BELLAIRE HARBOR SERVICE, LLC,** | |

      Defendants.

1

# MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE CLAIMS, ANSWERS, AND CROSS-CLAIM

Currently pending before this Court is a Motion of Claimants James Wesley Mahaffee and Michael Edward Mahaffee, Co-Executors of the Estate of Anna Mahaffee, for Leave to File Claims, Answers, and Cross-Claim [Doc. 139][1], filed May 7, 2021. On May 20, 2021, Campbell Transportation Co, Inc. ("Campbell") and Inland Marine Service, Inc. ("Inland") filed a response in opposition to the Motion. [Doc. 140]. On May 21, 2021, Bellaire Vessel Management, LLC ("BVS") and Bellaire Harbor Services, LLC ("BHS") also filed a response in opposition to the Motion. [Doc. 141]. On May 26, 2021, the Mahaffees filed a consolidated reply to the responses. [Doc. 142]. The Motion is fully briefed and ripe for decision. For the reasons that follow, the Court will grant the Motion.

## BACKGROUND

This case arises out of a January 13, 2018 barge breakaway incident. As summarized by Campbell and Inland, on that date "a number of barges broke away from a vessel fleeting facility located on the right descending bank of the Ohio River near Boggs Island at or around Mile 93.6 ('the Breakaway'). . . . As a result of the Breakaway, numerous barges were carried downriver in an uncontrolled and unrestrained manner, resulting in the sinking of or damage to some or all of the barges, as well as alleged third-party property damage." [Doc. 140 at 2].

This consolidated case includes three limitation actions. In those cases, this Court entered restraining orders, which restrained suits against Campbell, Inland, BHS, and BVS. *See* Civ. A. No. 5:18-CV-115 [Doc. 6]; Civ. A. No. 5:18-CV-137 [Doc. 7]; Civ. A. No. 5:18-

---

[1]Unless otherwise noted, docket numbers refer to 5:18-CV-115.

CV-138 [Doc. 5]. Those orders required claims related to the breakaway to be filed within a specified period ending August 31, 2018, in the case relating to BHS and BVS, and October 15, 2018, in the Campbell and Inland cases.

In the instant Motion, James Wesley Mahaffee and Michael Edward Mahaffee, as co-executors of the estate of Anna Marie Mahaffee ("the Mahaffees") seek leave to file claims, answers, and a cross-claim against the Murray entitites. They claim that Anna Marie Mahaffee owned and operated a recreational boat marina on the Ohio River, at Dilles Bottom, Ohio, which was damaged by the Breakaway. *See* [Doc. 139 at 2].

## **LEGAL STANDARD**

Under Supplemental Rule F of the Federal Rules of Civil Procedure, a vessel owner may file a complaint for limitation of liability. Under F(3), "Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." "Thus, an owner or charterer may avoid a multiplicity of actions against it; resolve the issues raised in the multiplicity of actions in a single action; and limit its liability in the one action to the value of the vessel and pending freight." ***Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV***, 569 F.3d 189, 198 (4th Cir. 2009). Rule F(4) requires that a notice be issued "to all persons asserting claims with respect to which the complaint seeks limitation," with a date at least 30 days out from the issuance. "Rule F(5) provides that '[c]laims shall be filed and served on or before the date

specified in the notice. . . .' The deadline stated in the notice, however, is not an absolute deadline. 'For cause shown, the court may enlarge the time within which claims may be filed.' Supp. Rule F(4), Fed. R. Civ. P." **Matter of B&H Towing, Inc.**, 2005 WL 8159555 at *1 (S.D. W.Va. Nov. 1, 2005) (Goodwin, J.).

## **DISCUSSION**

The Mahaffees proposed claims are clearly outside the window set by this Court's earlier Orders; however, they argue that this Court should exercise its discretion to allow the late claims and answers based on the factors this Court analyzed in **Nana's Landing, LLC v. Murray Am. River Towing, Inc.**, No. 5:20-CV-4, [Doc. 24], 2020 WL 7344710 (N.D. W.Va. Dec. 14, 2020) (Bailey, J.). In that order, which consolidated that action into this case, this Court followed the reasoning set forth in Judge Goodwin's opinion in **In the Matter of the Complaint of B&H Towing, Inc.**, 2005 WL 8159555 (S.D. W.Va. Nov. 1, 2005) (Goodwin, J.). As this Court previously summarized:

> In [**B&H**], the court entered an order in the limitation of liability action requiring all potential claimants to file answers and claims by June 15, 2005; movants filed for leave to file an answer six days later. **Id.** at *1. The court found that
>
>> In the Fourth Circuit, "late claims are generally permitted if the action is still pending and unresolved and the late filings will not prejudice the rights of others." **Buie v. Naviera Chilena Del Pacifico, S. A.**, 823 F.2d 546 [(table)], 1987 WL 37943 (4th Cir. 1987) (per curium). Considering the reasoning of **Buie**

4

and the plain language of Rule 4(f), in evaluating whether to allow the movants' claim, this court considers: (1) whether the proceeding is pending and unresolved; (2) whether granting the motion will prejudice the rights of others; and (3) whether the movants have provided a reason for the late filing. Guided by *Buie*, the first two of these factors are given greater weight than the third factor.

*Id.* at *2. Judge Goodwin found that, as to the first factor, the proceeding "was in its infancy" as discovery had not commenced. *Id.* As to the second factor, he pointed out that "an overarching goal of admiralty proceedings is to achieve substantial justice for all harmed parties, not just for claimants who comply with the technical procedural requirements," and that allowing the claim to proceed would not interfere with the rights of other claimants. *Id.* Finally, although Judge Goodwin found that the movants had failed to provide a compelling reason for late filing, this requirement is minimal and delinquent claims are generally permitted if the other factors are met. *Id.* (citing *Buie*, 823 F.2d 546 (table), 1987 WL 37943 (4th Cir. 1987); *M.V. President Kennedy, Ltd.*, 2000 WL 351425 (S.D.N.Y. 2000)).

5:20-CV-4, [Doc. 24 at 3–4].

Here, the Mahaffees argue that the *Buie* factors favor permitting their late claims. First, the proceedings are still pending and unresolved; the Mahaffees point out that "the procedural posture of these consolidated cases has not meaningfully changed since

5

December 14, 2020, when the Court issued its Nana's Landing Opinion." [Doc. 139 at 9]. Second, they argue that the existing parties will not be prejudiced by allowing the Mahaffees to become a party as it is "highly unlikely to diminish any other claimant's ability to fully recover its damages." [Id. at 11]. Third, they contend they have provided several reasons for the late filing: that the notice by publication was legally deficient, that Ann Mahaffee did not have actual notice of the limitation action, that she diligently pursued her claims by filing Notices of Claims in the Murray bankruptcy proceedings, and that "it appears to be the position of the Murray entities in these consolidated actions the Mahaffee Estate may *only* pursue its claims against the appropriate Murray entities' insurance proceeds *in these consolidated actions*." [Id. at 12].

This Court again finds the reasoning set forth in **B&H** instructive in this case, and finds that the **Buie** factors favor allowing the Mahaffees to move forward with their claims. First, this case is "pending and unresolved," and remains in its infancy; the Court agrees with movants that the procedural posture of these consolidated cases remain substantially the same as when the Court issued the Nana's Landing opinion, and certainly involve "claims which were asserted <u>after</u> the expiration of the monition period but <u>before</u> the court enters final judgment." **Buie**, at *2 (4th Cir. 1987). Second, the Court finds that allowing the movants to file their claims would not interfere with the rights of other claimants.

Finally, while the Court finds that claimants have not provided a compelling reason for late filing, as *actual* notice is not required under Rule F, this factor is given less weight than the first two and in such cases late claims are generally permitted. *See id.*

Accordingly, the Court will grant the Motion and allow the Mahaffees to file their claims, answers, and counter-claim.

As a final matter, this Court also notes that currently pending is a Joint Motion for Suspension/Amendment of Scheduling Order [Doc. 143]. Therein, several of the parties in this case request that this Court suspend and amend the current Scheduling Order [Doc. 132], noting that because it was unknown if the Mahaffee's Claim would be added to the litigation, the parties have not proceeded with planned depositions. Finding good cause shown, the Court will grant the Motion.

## CONCLUSION

For the aforementioned reasons, the Motion of Claimants James Wesley Mahaffee and Michael Edward Mahaffee, Co-Executors of the Estate of Anna Mahaffee, for Leave to File Claims, Answers, and Cross-Claim [**Doc. 139**] is hereby **GRANTED**. Claimaints are directed to file their answers, claims, and cross-claim, which are currently attached at [139-5, 6, 7, & 8]. Further, the Joint Motion for Suspension/Amendment of Scheduling Order [**Doc. 143**] is hereby **GRANTED**, and the Scheduling Order in this case [**Doc. 132**] is **VACATED**. This Court will issue a new scheduling order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 1, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE