IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | | |
|---|---|---|
| COMPLAINT OF BELLAIRE VESSEL MANAGEMENT, LLC, AS OWNER OF THE M/V CAPT ROBERT G HARRISON AND BELLAIRE HARBOR SERVICE, LLC AS CHARTERER OF THE M/V CAPT ROBERT G HARRISON FOR EXONERATION OR LIMITATION OF LIABILTY | ) ) ) ) ) ) ) | Civil Action No. 5:18-cv-00115 |

-------------------------------------------------------------

| | | |
|---|---|---|
| IN THE MATTER OF CAMPBELL TRANSPORTATION CO., INC. AS OWNER, AND INLAND MARINE SERVICE, INC., AS OPERATOR AND OWNER PRO HAC VICE OF THE M/V LOUISE S, OFFICIAL NO. 513659, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) ) ) | Civil Action No. 5:18-cv-00138 |

-------------------------------------------------------------

| | | |
|---|---|---|
| IN THE MATTER OF CAMPBELL TRANSPORTATION CO., INC. AS OWNER, OF THE M/V JAMES R. MOREHEAD, OFFICIAL NO. 1032410, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) | Civil Action No. 5:18-cv-00137 |

-------------------------------------------------------------

MOTION FOR RECONSIDERATION REGARDING
MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF COMPLAINANTS,
<u>BELLAIRE VESSEL MANAGEMENT, LLC AND BELLAIRE HARBOR SERVICE, LLC</u>

AND NOW, come Complainants, Bellaire Vessel Management, LLC and Bellaire Harbor Service, LLC (collectively, "Bellaire"), by and through their undersigned counsel, and pursuant to Rule 60 of the Federal Rules of Civil Procedure, respectfully request that the Court reconsider its Order dated June 27, 2023 (ECF No. 190) denying Bellaire's Motion to Compel Production of Documents withheld by The Ohio County Coal Company

1

("OCCC") (ECF No. 189).  As discussed more thoroughly herein, Bellaire had good cause for filing the subject Motion at the time it did, and therefore good cause exists for this Court to consider the merits of Bellaire's Motion.

1.  On June 23, 2023, Bellaire filed a Motion seeking to compel OCCC to produce documents relating to the drafting and negotiation of a Towing and Fleeting Agreement between OCCC and Bellaire, which is central to certain of the claims and defenses of Bellaire and OCC in this matter.  (ECF NO. 189).

2.  On June 27, 2023, this Court issued an Order denying Bellaire's Motion. (ECF No. 190).  The Order noted, among other things, that fact discovery in this matter was to be completed by February 17, 2023, and that Local Civil Rule 37.02(b) requires the filing of a motion to compel within 30 days after the discovery response or disclosure requirement sought was due, unless the moving party demonstrates that good cause exists to modify the scheduling order.  *Id.*

3.  Bellaire had good cause to file the subject Motion at the time it did.

4.  In the above regard, Bellaire originally requested the production of the documents at issue in the subject Motion on September 13, 2019, in connection with its Notice of Deposition of Steven Gorecki.  (ECF No. 115).

5.  OCCC refused to produce these documents in connection with Mr. Gorecki's deposition, and Bellaire moved to compel.  *Id.*

6.  However, before that motion could be decided and before Mr. Gorecki could be deposed, this matter was stayed due to the Notice of Bankruptcy filed by Mon River Towing, Inc., Murray American River Towing, Inc., Murray American Transportation, Inc.,

and OCCC. Bellaire's September 13, 2019 motion was therefore denied without prejudice to refile later. (ECF Nos. 119-122).

7. Although the Parties were later able to proceed with litigation notwithstanding the bankruptcy (ECF No. 126), the Parties and the Court later agreed on multiple occasions to temporarily suspend the discovery schedule – including Bellaire's September 13, 2019 motion to compel production of the documents at issue – in order to allow the Parties time to resolve claims asserted by certain ancillary claimants. (*See, e.g.*, ECF No. 169, Joint Status Report and Fourth Joint Motion for Suspension/Amendment of Scheduling Order).

8. Following the resolution of these ancillary claims, undersigned counsel for Bellaire wrote counsel for OCCC a letter on February 15, 2023, before the discovery period closed, again requesting that OCCC produce the documents at issue. *See* Ex. 7 to Bellaire's instant Motion.

9. Between the service of Bellaire's letter on February 15, 2023 and the filing of the instant Motion on June 23, 2023, undersigned counsel for Bellaire engaged with counsel for OCCC on multiple occasions in a good faith effort to resolve this discovery dispute without Court intervention, including up to and until a few hours before Bellaire filed the subject Motion. *See* Bellaire's June 23, 2023 Motion (ECF No. 189) at ¶¶ 7-8, 11-13.

10. Only after these efforts proved unsuccessful did Bellaire file the instant Motion. *Id.*

11. Therefore, Bellaire had good cause for filing its Motion at the time it did, namely due to the stay temporarily imposed by the bankruptcy, several suspensions of

the discovery schedule to resolve the ancillary claims, and its good faith attempts to resolve this dispute without Court intervention.

12. Accordingly, good cause exists for this Court to consider the merits of Bellaire's Motion to Compel.

13. Further, and as noted in Bellaire's Motion, shortly before the announced filing time of the subject Motion, OCCC produced four documents listed on the Privilege Log (Bates Labeled OCCC 348, 380, 389, 390). This production by OCCC confirms that Bellaire did not waive its right to request these materials (nor did OCCC believe Bellaire waived its right). In addition, the materials included in this production confirm that OCCC waived its right to assert that the remaining materials are privileged. OCCC should therefore be ordered to produce all improperly withheld documents.

WHEREFORE, Complainants, Bellaire Vessel Management, LLC and Bellaire Harbor Service, LLC, respectfully request that this Court reconsider its Order denying Bellaire's June 23, 2023 Motion to Compel," grant the Motion to Compel, and order that OCCC produce the withheld documents at issue.

                                                 BABST, CALLAND,
                                                 CLEMENTS & ZOMNIR, P.C.

                                                 By /s/ Leonard Fornella
                                                      Leonard Fornella
                                                      WV I.D. No. 7277
                                                      lfornella@babstcalland.com

                                               Two Gateway Center
                                               Sixth Floor
                                               Pittsburgh, Pennsylvania 15222
                                               (412) 394-6533

                                               Attorneys for Complainants/Claimants,
                                               Bellaire Harbor Service, LLC and
                                               Bellaire Vessel Management, LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 29, 2023, true and correct copies of the foregoing Motion for Reconsideration were served via the ECF electronic filing system upon the following:

John S. Sandberg, Esquire
Casey F. Wong, Esquire
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue
15th Floor
St. Louis, Missouri 63101-1313
jsandberg@sandbergphoenix.com
cwong@sandbergphoenix.com

Todd M. Powers, Esquire
Megan A. Sullivan, Esquire
Schroeder, Maundrell,
Barbiere & Powers
5300 Socialville Foster Road
Suite 200
Mason, Ohio 45040
tpowers@smbplaw.com
msullivan@smbplaw.com

Joseph R. Blalock, Esquire
Benesch Friedlander
Coplan & Aronoff LLP
44 15th Street
Suite 2
Wheeling, West Virginia 26003
(614) 223-9359
jblalock@beneschlaw.com

Robert C. James, Esquire
Flaherty Sensabaugh Bonasso PLLC
1225 Market Street
P.O. Box 6545
Wheeling, West Virginia 26003
rjames@flahertylegal.com

By   /s/Leonard Fornella
      Leonard Fornella